

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIM HOFFMAN, M.D., an individual; et al., | No. 11-55389 |
| Plaintiffs - Appellants, | D.C. No. 8:10-cv-00355-DOC-AN |
| v. | MEMORANDUM[*] |
| ZENITH INSURANCE COMPANY, a California corporation; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted November 5, 2012[**]
Pasadena, California

Before: GRABER, IKUTA, and WATFORD, Circuit Judges.

Plaintiffs Sim Hoffman, M.D.; Advanced Professional Imaging Medical

Group; Better Sleeping Medical Center, Inc.; Advanced Medical Support, Inc.;

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Pacific Medical Supplies and Services, Inc.; California Psychological Care, Inc.; Access Plus, Inc.; Pacific Neuro Diagnostic Medical Group, Inc.; Pacific Care Medical Group, Inc.; and Diagnostic Imaging Network Medical Group, Inc., appeal the district court's orders (1) granting summary judgment to Defendants Zenith Insurance Company and ZNAT Insurance Company on Plaintiffs' claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), and (2) denying Plaintiffs' motions for post-judgment relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). We affirm.

1. A RICO plaintiff must establish standing to sue under RICO's private right of action, 18 U.S.C. § 1964(c), by demonstrating "that the defendants' alleged misconduct proximately caused [the plaintiffs'] injury." Sosa v. DIRECTV, Inc., 437 F.3d 923, 941 (9th Cir. 2006) (internal quotation marks omitted). Although proximate cause, not reliance, is the essential element of statutory standing under RICO, proving reliance is necessary where it is integral to Plaintiffs' theory of causation. Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 659 (2008).

Plaintiffs seek to satisfy the statute's proximate cause requirement through a theory of detrimental reliance: that Defendants lulled them into believing that disputed insurance claims would be negotiated in good faith. Reviewing de novo, Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1137 (9th Cir.

2

2009), we hold that the district court correctly granted summary judgment. Plaintiffs presented no admissible evidence that Defendants had put them on a "no pay" list; rather the evidence shows only an assumption by Plaintiffs that Defendants did not mean what they said, not any reliance on "lulling" statements made by Defendants.

2. We review for abuse of discretion the denial of Plaintiffs' post-judgment motions. Duarte v. Bardales, 526 F.3d 565, 567 (9th Cir. 2008) (Rule 59(e)); United States v. Asarco Inc., 430 F.3d 972, 978 (9th Cir. 2005) (Rule 60(b)).

The alleged statements about a "no pay" list did not warrant reconsideration of the summary judgment ruling because the evidence was not discovered after the judgment, could have been discovered earlier through due diligence, and would not create a factual dispute as to whether Defendants proximately caused harm to Plaintiffs. Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003). Nor did the allegations of attorney misconduct require reconsideration. At most, the first Papa declaration suggests that Peplowski may have lied at her deposition, not that she was improperly urged to do so by defense counsel. And even if a conflict of interest rendered Kass' participation in the January deposition unethical, that fact would not give Plaintiffs standing to bring this action.

AFFIRMED.

3